**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARINELL DEL MUNDO BELEN, | No. 09-70019 |
| Petitioner, | Agency No. A070-969-322 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 10, 2011[**]

Before:    BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

Marinell Del Mundo Belen, a native and citizen of the Philippines, petitions

for review from the Board of Immigration Appeals' order dismissing his appeal

from an immigration judge's decision denying his motion to reopen. We have

jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

a motion to reopen, and review de novo questions of law.  *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005).  We deny the petition for review.

The agency did not abuse its discretion in denying Belen's motion to reopen as untimely where Belen filed it nearly twelve years after his removal order became final, *see* 8 C.F.R. § 1003.2(c)(2), and Belen failed to submit material evidence of changed circumstances in the Philippines that would excuse the late filing, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004) (requiring circumstances to have changed sufficiently that petitioner now has a well-founded fear of persecution).

We agree with the agency that Belen is not eligible for "repapering" to apply for cancellation of removal because he already had a final deportation order when the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA") took effect.  *See* IIRIRA, Pub. L. No. 104-208, § 309(c)(3), 110 Stat. 3009-626 (1996) (authorizing the Attorney General to terminate proceedings pending at the time IIRIRA took effect and to reinitiate proceedings under the new statutory scheme for removal proceedings); *see also Alcaraz v. INS*, 384 F.3d 1150, 1154-55 (9th Cir. 2004).

Belen's remaining contentions are unavailing.

**PETITION FOR REVIEW DENIED.**

09-70019